

# Fourth Court of Appeals
## San Antonio, Texas

June 27, 2019

No. 04-19-00388-CV

Steven C. **GRINNELL,**
Appellant

v.

**GARNET REAL ESTATE, LLC,**
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-13502
Honorable Angelica Jimenez, Judge Presiding

## O R D E R

Appellant seeks to appeal from a final order signed on April 17, 2019, granting appellee's verified post-judgment application for turnover relief and appointment of receiver. Notice of appeal was due on May 17, 2019. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after the judgment is signed). A motion for extension of time to file the notice of appeal was therefore due on June 3, 2019. *See* TEX. R. APP. P. 26.3 (providing a fifteen-day grace period after the deadline for filing notice of appeal). Appellant filed his notice of appeal on June 10, 2019, after the deadlines for filing the notice of appeal and motion for extension of time to file the notice of appeal had expired. However, the clerk's record contains a "Verified Motion to Extend Post-Judgment Deadlines" filed in the trial court by appellant on June 6, 2019, pursuant to Texas Rule of Civil Procedure 306a(4) and (5). *See* TEX. R. CIV. P. 306a(4), (5). The motion, accompanied by affidavits from appellant and his former legal counsel, states that appellant was unrepresented by an attorney in the proceeding, that the trial court clerk failed to provide notice of the judgment to appellant as required by Rule 306a(3), and that the earliest date that appellant obtained actual knowledge of the judgment was May 8, 2019. *See* TEX. R. CIV. P. 306a(3) (trial court clerk is required to immediately give notice to the party or his attorney by first-class mail that the final judgment was signed).

Generally, once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, Rule 4.2 of the Rules of Appellate Procedure creates an exception in situations where a party affected by a judgment or appealable order does not receive notice from the trial court clerk within twenty days after the judgment is signed as

required by Rule of Civil Procedure 306a(3), and does not acquire actual knowledge of the judgment within twenty days of its signing. *See* TEX. R. APP. P. 4.2. Under those circumstances, Rule 4.2(a) provides that the time period for filing a notice of appeal does not begin to run until the date the party receives notice or acquires actual knowledge of the signing of the judgment, whichever is earlier. TEX. R. APP. P. 4.2(a). Subsection (b) of Rule 4.2 provides that the procedure for obtaining additional time is for the party to prove in the trial court, on sworn motion and notice, that the date on which the party or his attorney first received notice or acquired actual knowledge of the signed judgment was more than twenty days after the judgment was signed. TEX. R. APP. P. 4.2(b) (incorporating TEX. R. CIV. P. 306a(5)). Finally, subsection (c) of Rule 4.2 states that, "[a]fter hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX. R. APP. P. 4.2(c).

Accordingly, it is ORDERED that this appeal is ABATED to the trial court for a period of **thirty (30) days** to permit the trial court to hold a hearing on appellant's "Verified Motion to Extend Post-Judgment Deadlines" and to enter written findings determining the date on which appellant and/or his attorney first either received notice of the signed judgment or acquired actual knowledge of the signing of the judgment, in accordance with Rule 4.2. *See* TEX. R. APP. P. 4.2(b), (c); TEX. R. CIV. P. 306a(4), (5).

It is further ORDERED that the trial court clerk prepare and file a supplemental clerk's record containing the trial court's written findings and order, and that the court reporter prepare and file a reporter's record of any hearing, in this court **within thirty (30) days** from the date of this order. All other appellate deadlines are suspended pending further order of this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of June, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court